IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMIE ANDERSON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-285-SMY |
| | ) |
| WALMART SUPERCENTER STORE | ) |
| 0361, JOSHUA BRAUN, ALEX WHITE, | ) |
| and ALAN YOUNG, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jamie Anderson, a former employee of Walmart Supercenter Store, filed this *pro se* action alleging wrongful termination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq* against Defendants Walmart, Joshua Braun, Alex White, and Alan Young. Anderson's Motion for Leave to Proceed *in Forma Pauperis* ("IFP") (Doc. 6), [1] Motion for Service of Process at Government Expense (Doc. 7), and Motion for Recruitment of Counsel (Doc. 8) are now before the Court. For the following reasons, the motions are **DENIED,** and Plaintiff's Amended Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the

---

[1] Anderson also filed a Motion for Leave to Proceed IFP at Doc. 4. That motion is **TERMINATED** as **MOOT**.

affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Section 1915 applies to non-prisoner plaintiffs and prisoners alike. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Anderson has sufficiently demonstrated her indigence through her motion and accompanying affidavit. She states that she is currently unemployed and has no income except $80 to $85 per month provided by her mother. The Madison County Housing Authority (M.C.H.A.) is currently paying her rent. As such, Anderson is unable to pay the costs of commencing her lawsuit.

The Court's inquiry does not end with a determination of indigency because § 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP. The Court may dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense"). Thus, pursuant to 1915(e)(2), the Court must determine if the Complaint presents any potentially meritorious factual and legal grounds. In other words, the Complaint must contain allegations that go beyond a merely speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Here, it is unclear whether Anderson is pursuing a state law claim for wrongful termination or a claim under Title VII of the Civil Rights Act of 1964. A state law claim can only be asserted in federal court based on the Court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Diversity jurisdiction exists when the parties to an action on each side are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000.00. Since Anderson does not provide facts establishing diversity of citizenship, the Court

assumes she is pursuing a wrongful termination claim under Title VII, which makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

As an initial matter, Anderson's claim against Defendants Braun, White, and Young must be dismissed because individual employees and supervisors in their individual capacities are not "employers" for purposes of Title VII. *Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1168 (7th Cir. 1998). And any official capacity claims against these defendants would be redundant of Anderson's claims against Walmart. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) ("[A]n official capacity suit is another way of pleading an action against an entity of which the officer is an agent").

Additionally, even under the liberal pleading standards applicable to *pro se* litigants, Anderson's Amended Complaint fails to set forth factual allegations sufficient to cross the speculation threshold. The lengthy Amended Complaint describes a litany of minor incidents between Anderson and her co-workers that occurred during Anderson's employment with Walmart. However, there are no allegations or facts suggestive of discriminatory treatment based on race, color, religion, sex, or national origin. Nor does the Amended Complaint identify a protected class to which Anderson may belong. Thus, the Amended Complaint does not state a provide Walmart with fair notice of the claim being asserted against it or an opportunity to defend itself. In sum, Anderson fails to present any factually or legally meritorious grounds for her lawsuit to proceed before this Court.

Accordingly, Plaintiff's Amended Complaint (Doc. 9) is **DISMISSED without prejudice** and her motion to proceed *in forma pauperis* (Doc. 6) is **DENIED**.  All pending motions (Docs. 7, 8) are also **DENIED**.

Plaintiff is granted leave to file an amended complaint on or before May 20, 2022 that properly alleges a Title VII claim; the Clerk of Court will be directed to close this case if Plaintiff does not file an amended complaint by that date. Should Plaintiff file an amended complaint, she may also refile a motion to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

**DATED:  April 21, 2022**

**STACI M. YANDLE**
**United States District Judge**